Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210726-175078
DATE: August 31, 2021

REMANDED

Entitlement to service connection for chronic myelomonocytic leukemia autoimmune hemolytic anemia is remanded.

Entitlement to service connection for prostate cancer, to include as secondary to chronic myelomonocytic leukemia autoimmune hemolytic anemia, is remanded.

REASONS FOR REMAND

This case is before the Board of Veterans' Appeals (Board) on appeal from a March 2021 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The AMA was implemented effective February 19, 2019 and automatically applies to all claims for which VA issues notice of an initial decision on or after February 19, 2019. See 38 C.F.R. § 3.2400(a)(1).

The rating decision that led to this appeal was issued after the February 19, 2019 implementation of AMA. VA received a July 2021 VA Form 10182 in July 2021. Accordingly, this decision is drafted in accordance with AMA. The Veteran elected direct review by a Veterans Law Judge.

Under the AMA, when a claimant seeks appellate review through the Board's Direct Review docket, the Board may consider only the evidence of record at the time of the Agency of Original Jurisdiction (AOJ) decision on appeal. See 38 C.F.R. § 20.301. In general, the Board is bound by favorable findings in the rating decision on appeal. See 38 C.F.R. § 20.801(a). In this case, favorable findings include the Veteran's diagnosis with chronic myelomonocytic leukemia autoimmune hemolytic anemia; that the claimed disability is a chronic disease which may be presumptively linked to service; and the Veteran has sufficient time in service to meet the minimum requirements for presumptive service-connection.

The Veteran contends that his currently diagnosed myelomonocytic leukemia and prostate cancer are related to toxin exposure serving in Southeast Asia. He has further described his exposure to carcinogens while working on the flight line during active service. The Veteran also asserts that he had no post-service exposures to carcinogens and does not have a family history of cancer. The Board notes the Veteran's service record confirms military service in aviation as well as service in Japan.

The AOJ denied the Veteran's claim, finding no link between the Veteran's medical condition and his military service.

Medical evidence of record includes a January 2020 letter from a private physician confirming the Veteran's diagnoses. The physician noted the Veteran's military service, with exposure to paints, solvents, fire retardants, aircraft petroleum, oil and lubricants and unknown cargo residual substances. The physician opined these exposures potentially played an etiological role in the Veteran's medical problems. While favorable evidence, the January 2020 letter is insufficient to award service connection in the Veteran's case because a statement that such exposures potentially played an etiological role does not meet the "at least as likely as not" standard required to establish VA claims. Additionally, references to medical literature associating cancers to toxic exposures have been presented by the Veteran's representative.

The Veteran has not been afforded a VA examination to address the etiology of his diagnoses, medical evidence of record, or the referenced medical literature. As such, there is insufficient medical evidence to decide this claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The Board finds the failure of the AOJ to afford a VA examination was a pre-decisional duty to assist error. The Board must remand AMA appeals to the AOJ to correct pre-decisional duty to assist errors. See VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 189-90 (Jan. 18, 2019) (codified at 38 C.F.R. § 20.802 (a)).

The matters are REMANDED for the following action:

Schedule the Veteran for an examination by an appropriately qualified clinician to determine the nature and etiology of his chronic myelomonocytic leukemia autoimmune hemolytic anemia and prostate cancer, to include as secondary to chronic myelomonocytic leukemia autoimmune hemolytic anemia. The examiner should review the entire claims file and this remand in conjunction with the examination.

The examiner must opine whether the diagnosed leukemia and prostate cancer is at least as likely as not (50 percent probability or more) related to an in-service injury, event, or disease, including specifically contended toxin exposure serving in Southeast Asia; exposure to carcinogens while working on the flight line during active service. The examiner should also address the Veteran's assertions that he had no post-service exposures to carcinogens and does not have a family history of cancer.

The examiner should address medical literature referenced in the record suggesting a relationship between benzene exposure from jet fuel and relationship and cancers.

The examiner is reminded to consider the Veteran's lay reports, and a reason must be provided if the Veteran's lay reports are rejected. Lay statements cannot be rejected solely due to a lack of medical documentation. The examiner should reconcile any conflicting medical evidence of record to the extent possible.

A comprehensive rationale for all opinions expressed must be provided. The copy of the examination report and all completed test reports should be associated with the claims folder. If an opinion cannot be rendered without resorting to speculation, the examiner must state this and explain why this is so, (e.g., whether an opinion is beyond what any medical practitioner might be able to provide, based on the evidence of record and current medical knowledge).

 

 

L. S. Kyle

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board P. A. Myers

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.